IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE SQUIRRELS RESEARCH LABS LLC, et al. | CASE NO. 21-61491-TNAP (JOINTLY ADMINISTERED) CHAPTER 11 |
| DEBTORS | SUBCHAPTER V JUDGE PATTON |
| FREDERIC P. SCHWEIG, TRUSTEE | |
| PLAINTIFF, | ADVERSARY NO. 23-06029-tnap |
| v. | ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JESICA GRITZAN |
| JESSICA GRITZAN | |
| DEFENDANT. | DEMAND FOR JURY TRIAL |

Defendant, in answer to the allegations in the Complaint, would state as follows.

1. Defendant lacks sufficient knowledge to admit or deny the truth of the allegations in paragraphs 1, 2, 3, 4, 10, 32, 33, 34. Therefore Defendant denies the allegations in each of those paragraphs.

2. In response to the allegations in paragraph 5, Defendant admits receiving certain payments from the Debtor. However, Defendant lacks sufficient knowledge to admit or deny the truth of the remainder of the allegations in that paragraph, and therefore Defendant denies all of those allegations.

3. In response to the allegations in paragraph 6 Defendant incorporates the responses to paragraphs 1 through 5 as if fully set forth herein.

4. Defendant admits the allegations in paragraphs 7, 8, and 9.

5. Defendant denies the allegations in paragraphs 11, 14, 15, 17, 18, 19, 20, 21, 23, 24, 25, 26, 27, 28, 29, 30, 35, 37, 39.

6. In response to the allegations in paragraph 12, Defendant admits advancing funds and receiving certain reimbursements from the Debtor for those advancements. However, Defendant lacks knowledge sufficient to admit or deny the truth of the remainder of the allegations in that paragraph, and therefore denies those allegations.

7. In response to the allegations in paragraph 13 Defendant incorporates the responses to paragraphs 1 through 12 as if fully set forth herein.

8. In response to the allegations in paragraph 16, Defendant incorporates the responses to paragraphs 1 through 15 as if fully set forth herein.

9. In response to the allegations in paragraph 22 Defendant incorporates the responses to paragraphs 1 through 21 as if fully set forth herein.

10. In response to the allegations in paragraph 31 Defendant incorporates the responses to paragraphs 1 through 30 as if fully set forth herein.

11. In response to the allegations in paragraph 36 Defendant incorporates the responses to paragraphs 1 through 35 as if fully set forth herein.

12. In response to the allegations in paragraph 38 Defendant incorporates the responses to paragraphs 1 through 37 as if fully set forth herein.

13. Defendant denies all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

For affirmative defenses to the allegations in the Complaint, Defendant would state as follows.

1. The Complaint fails to state a claim for which relief can be granted.

2. The Complaint, as a whole or in part, is barred by waiver, estoppel, and/or laches.

3. The Complaint, as a whole or in part, is barred by release, accord and satisfaction, and/or novation.

4. The Complaint must be dismissed for failure of, or improper, service of process.

5. The Trustee's claims fail for lack of standing.

6. The Trustee's claims fail for lack of Special Counsel's authority.

7. The Trustee's claims fail because the Trustee did not properly investigate claims as required by Small Business Reorganization Act.

8. Trustee's claims are barred by the applicable statute of limitations.

9. Trustee's preference claims fail because the transfers were reimbursements made by the Debtor in the ordinary course of business and are therefore unavoidable.

10. Trustee's claims fail to the extent that the transfers were made as a contemporaneous exchange for new value given to the Debtor and are therefore unavoidable.

11. Trustee's claims fail to the extent that the transfers were made in payment for subsequent new value provided to Debtor and are therefore unavoidable.

12. The Trustee's claims are barred to the extent that Defendant received any transfer in good faith and provided reasonably equivalent value in exchange.

13. The claims in the Complaint are barred by the applicable statutes of limitations.

14. The answering Defendant reserves, pleads, and asserts the defense that the claims or injuries alleged by the Trustee herein, if any, which are specifically denied, were caused and brought about by the actions and/or inactions of Debtors and/or other parties or third parties, other than the Defendant, or the Trustee, either negligently or otherwise; and by

reason of any and all of the foregoing, Defendants plead and rely upon the same as a bar to all or some portion of the claims made against him in the Complaint.

15. This answering Defendant reserves, pleads, and asserts the defense of failure to perfect, failure to renew, or the release of, a security interest in the property at issue, whether by the Committee, the Trustee, the Estate, or their predecessors in said security interests.

16. Defendant pleads and asserts all defenses under the Bankruptcy Code, title 11, United States Code, including but not limited to, 11 U.S.C. §§ 544–51; Defendant pleads and relies upon the same as a bar to all or some portion of the Trustee's claims.

17. Defendant pleads and asserts all defenses under the commercial codes of the state of Ohio. Defendant pleads and relies upon the same as a bar to all or some portion of the Trustee's claims against him.

18. The Complaint, as a whole or in part, is barred by res judicata and/or collateral estoppel.

19. Defendant pleads and asserts each defense set forth in Rule 8(c)(1) and/or Rule 12 of the Federal Rules of Civil Procedure as such may be established during the course of this action.

20. Defendant further reserves the right to raise any other affirmative defenses that may become known during the course of discovery in this matter.

WHEREFORE, Defendant demands as follows:

1. Dismissal of the Complaint;
2. A trial by jury on any issues so triable;
3. The costs and attorneys' fees incurred in this action; and
4. Any and all other relief to Defendant is entitled.

*/s/ Jack B. Cooper*
Jack B. Cooper (#0069321)
Milligan Pusateri Co., LPA
P.O. Box 35459
4684 Douglas Circle N.W.
Canton, Ohio 44735
Phone: (234) 209-9793
Fax: (330) 409-0249
Email: jcooper@milliganpusateri.com
Counsel for Defendant

## JURY DEMAND

Defendant hereby demands a trial by jury, by the maximum number of jurors allowable, on all issues.

*/s/ Jack B. Cooper*
Jack B. Cooper (#0069321)

## PROOF OF SERVICE

This is to certify that on December 27, 2023, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including counsel for Defendants listed below. Parties may access this filing through the Court's system. Served via the Court's ECF system to the parties listed below, who are on the ECF mailing list for this matter.

*/s/ Jack B. Cooper*
Jack B. Cooper (#0069321)